# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JUNE 1999 SESSION

FILED

July 19, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **NO. 01C01-9804-CR-00160** |
| Appellee, | ) | |
| | ) | **DAVIDSON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. CHERYL BLACKBURN,** |
| **DONNIE DEAN ROLIN,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Statutory Rape and Incest) |

**FOR THE APPELLANT:**

**V. MICHAEL FOX**
315 Deaderick Street
First American Center, 20th Floor
Nashville, TN  37238-2075

**FOR THE APPELLEE:**

**PAUL G. SUMMERS**
Attorney General and Reporter

**LUCIAN D. GEISE**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**VICTOR S. JOHNSON III**
District Attorney General

**ROGER D. MOORE**
Assistant District Attorney General
Washington Square
222-2nd Avenue North, Suite 500
Nashville, TN  37201-1649

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

Defendant pled guilty to two counts of statutory rape, Class E felonies, and three counts of incest, Class C felonies, with no agreement as to sentencing. The trial court sentenced defendant to two years for each count of statutory rape and five years for each count of incest with all counts running consecutively for an effective sentence of nineteen years. In this appeal as of right, defendant challenges only the imposition of consecutive sentencing. A thorough review of the record reveals no error by the trial court. Therefore, the judgment of the trial court is AFFIRMED.

**I. BACKGROUND**

Defendant gained custody of his minor daughter, C.R.,[1] in December 1995 and brought her to live with him and his ex-wife in Pulaski, Tennessee. From January to October 1996, defendant engaged in sexual acts (penile-vaginal, penile-anal, and oral) with C.R. two to three times a week.

Defendant took C.R. out of school in February 1996. She accompanied him on his long-haul trucking trips until May 1996. Then, defendant and C.R. moved out of the Pulaski home and went to live with relatives in the Nashville area. In August 1996, they set up a household of their own where C.R. was responsible for all the household chores: cooking, cleaning, laundry, etc. Defendant never re-enrolled C.R. in school, and from August until October when C.R. ran away, defendant effectively treated her as his wife.

A Davidson County grand jury indicted defendant on seven counts of

---

[1]It is this Court's policy not to reveal the names of minor sexual abuse victims.

statutory rape, eight counts of incest, and one count of rape. Pursuant to an agreement with the state, defendant pled guilty to two counts of statutory rape, Class E felonies, and three counts of incest, Class C felonies. All other counts were dismissed. Sentencing was left to the trial court.

## II. SENTENCING HEARING

The trial court conducted a sentencing hearing to decide the appropriate length and manner of service of the sentences. After reviewing the proper sentencing considerations, enhancement and mitigating factors, all testimony and evidence presented, and arguments by counsel, the trial court imposed two-year sentences for each count of statutory rape and five-year sentences for each count of incest.

Next, the trial court reviewed the considerations relating to alternative and consecutive sentencing and determined incarceration and the imposition of consecutive sentences to be appropriate. It denied alternative sentencing and ordered all defendant's sentences to run consecutively, resulting in a nineteen-year prison sentence.

Defendant neither challenges the length of each sentence nor the denial of alternative sentencing. Further, defendant concedes the applicability of Tenn. Code Ann. § 40-35-115(b)(5) which provides that a court may order sentences to run consecutively if it finds by a preponderance of the evidence that:

> [t]he defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims.

Nevertheless, defendant asserts that the total sentence is not reasonably related to the severity of the offenses.

## III. STANDARD OF REVIEW

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after giving due consideration and proper weight to the factors and principles set out under sentencing law, and the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 789 (Tenn. Crim. App. 1991).

Our review reveals that the trial court conducted a thorough analysis of the appropriate sentencing considerations, enhancement and mitigating factors, and the evidence in its decision to impose an effective nineteen-year sentence.

## IV. CONSECUTIVE SENTENCING

4

Once a trial court determines that a defendant is statutorily eligible for consecutive sentencing, *see* Tenn. Code Ann. § 40-35-115(b), it should also determine whether the consecutive sentences (1) are reasonably related to the severity of the offenses committed; (2) serve to protect the public from further criminal conduct by the offender; and (3) are congruent with general principles of sentencing. Tenn. Code Ann. § 40-35-115 Sentencing Commission Comments; State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995).[2] Once again, the trial court in this case complied with these statutory and precedential mandates.

The trial court first determined that consecutive sentences were appropriate for this defendant given the applicability of Tenn. Code Ann. § 40-35-115(b)(5) (consecutive sentencing appropriate for a defendant convicted of two or more statutory offenses involving sexual abuse of a minor). The court also expressly stated that:

> "I'm also considering State v. Wilkerson, which indicates I have to consider the aggregate term and whether or not it is necessary to protect the public from further serious conduct by the defendant.
>
> Given the nature of these, the fact that he has *just recently* gotten into treatment, I'm going to find that each one of these convictions is going to run consecutive to another, for a total effective sentence of 19 years."[3] (Emphasis added).

This statement clearly indicates that the trial court considered the Wilkerson factors in its imposition of an aggregate sentence of nineteen years. The court's findings sufficiently support the imposition of the consecutive sentences. Defendant has failed to show that the sentence was improper.

## CONCLUSION

---

[2]We recognize that the applicability of the Wilkerson factors to categories other than dangerous offenders has not been fully resolved. *See* State v. David Keith Lane, C.C.A. No. 03C01-9607-CC-00259, Bradley County (Tenn. Crim. App. filed June 18, 1997, at Knoxville), *perm. to app. granted* (Tenn. February 2, 1998).

[3]The record reflects that defendant's first counseling session was on February 10, 1997, six days after the sentencing hearing was originally scheduled.

Based upon the foregoing, the judgment of the trial court is AFFIRMED.


_____
 **JOE G. RILEY, JUDGE**



**CONCUR:**



_____
**JOSEPH M. TIPTON, JUDGE**



_____
**ALAN E. GLENN, JUDGE**